[1-4] While I hesitate to strike out and render ineffective any condition or exclusion contained in an insurance policy which is clearly stated and expresses the intention of the parties (as the contract should be interpreted as a whole and considered as the law between the parties), I am unable to disagree with the reasoning upon which the main opinion is pitched, in view of the peculiar wording of the comprehensive coverage clause "C" contained in this particular insurance policy. But, since my individual thoughts differ slightly from the view of my associate, I feel that it is appropriate for me to set them forth.
The insurance policy in question provides for what is called "comprehensive" coverage, meaning "extensive or embracing much" as expressed in the main opinion. But, in the preamble of the policy, the insured is put on notice that the comprehensive coverage granted is "subject to the limits of liability, exclusions, conditions and other terms of this policy". Hence, any insured reading the comprehensive clause of the policy is put on notice that there are certain exclusions which might affect the broad coverage granted. However, when the policy is so worded that the insurer agrees "to pay for loss of or damage to the automobile due to any cause, except collision or upset" (italics mine) it naturally would lead the insured to believe that the only exclusions from coverage are collision and upset and he is lulled into a sense of security that the exclusions do not contain other retractions from the stipulated insurance. In other words, while he might contemplate the insertion of exclusions respecting the inapplicability of the insurance while the vehicle is used as a public conveyance or in an illegal enterprise or while being driven by persons under fourteen years of age or for the loss of robes, wearing apparel and other personal effects, he would not, in my view, expect to find an exclusion of coverage for loss of or damage to the automobile due to other causes except collision or upset.
If clause "C" merely provided "to pay for loss of or damage to the automobile, except collision and upset", I think that the court could have well concluded that the exclusion of coverage for mechanical breakdown was enforceable. The exception concerning collision and upset was *Page 360 
obviously inserted as an exclusion to coverage "C" because insurance for collision and upset are treated separately under other coverage provisions and are the subject of an additional premium. Therefore, one reading the coverage "C" clause with the elimination of the words "due to any cause" would immediately realize that there may be certain causes of the damage to the automobile which were excluded from coverage other than collision and upset.
How, then, does the use of the words in coverage "C" that the insurer agrees to pay for damage to the automobile "due to any cause" affect the enforceability of the exclusion clause relied on by defendant? I cannot agree that the exclusion that the policy shall not apply to mechanical breakdowns, produces an ambiguity in the contract. In my opinion, it is repugnant to, contradictory of, and inconsistent with, the comprehensive coverage clause "C" but it cannot be said to make the policy so uncertain and indefinite as to be incapable of judicial interpretation. Therefore, the question is not whether it can be interpreted and enforced but whether the court should give effect to it in view of its utter repugnancy. On this question, I am willing to yield to the conclusions reached in the main opinion for — giving to the policy an interpretation most favorable to the insured, I can see that this particular contract produces a most confusing situation in its inconsistencies of statement and that these contradictory clauses operate as a trap to catch the unwary.
But, apart from this, I believe that there is a stronger reason which prompts a decision in plaintiff's favor. The exclusion relied on by defendant, under which it seeks to escape liability and as pertains to this discussion, reads as follows: "This policy does not apply; * * * (i) Under coverages 'C' * * * to mechanical or electrical breakdown * * *".
What is meant by mechanical breakdown? Does it mean that, if the generator of the car should cease to function properly and subsequently a fire started as a reresult of the defect, the insurer would not be liable? Or, suppose a spark from an outside source caused a breakdown of the motor, would liability ensue? If the clause read that no liability would result for loss or damage due and confined to mechanical breakdown, it would be easy to solve these questions. But to say that the policy does not apply to mechanical breakdowns leaves the door open to all sorts of interpretations where a mechanical breakdown causes a fire or vice versa. Hence, I regard the exclusion to be ambiguous and, therefore, unenforceable.
For the foregoing reasons, I respectfully concur in the decree.